IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60280
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY MOODY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:95-CR-43-LN
- - - - - - - - - -
March 20, 1997
Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Quincy Moody appeals his conviction for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951.  Moody first argues that the district court erred by denying a motion to compel discovery of a recording device worn by Moody's coconspirator in a failed attempt to record their conversations.  Because introduction of the device would not have significantly altered the quantum of proof in Moody's favor, there was no abuse of discretion in the denial of the discovery

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

motion.  See United States v. Reeves, 892 F.2d 1223, 1227 (5th Cir. 1990).

Moody also argues that the district court erred by admitting into evidence hearsay conversations before the Government had proved the existence of the conspiracy.  He argues that neither the challenged conversations, nor conversations which occurred after the arrest of his coconspirator, could be used in "connecting-up" the conspiracy.  This argument is without merit because Moody's own statements were admissible as evidence connecting-up the conspiracy.  See United States v. Flores, 63 F.3d 1342, 1358 (5th Cir. 1995)(defendant's statements admissible as admissions of party-opponent), cert. denied, 117 S. Ct. 87 (1996).

Regarding his newly-raised assertion that the district court erred by admitting into evidence his "extrajudicial admission," there is no requirement that the introduction of an admission against interest be accompanied by corroborating evidence.  Thus, there was no error, plain or otherwise, in the admission of the incident report.  See United States v. Calverley, 37 F.3d 160-162-64 (5th Cir. 1994)(en banc), cert. denied, 115 S. Ct. 1266 (1995).  Insofar as Moody challenges the sufficiency of the evidence supporting his conviction, we conclude that there was evidence sufficient to allow a reasonable jury to find beyond a reasonable doubt that Moody voluntarily joined the conspiracy.  See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), aff'd, 462 U.S. 356 (1983).

AFFIRMED.